148 So. 340

## MEEK v. STATE.

### 4 Div. 918.

Court of Appeals of Alabama.
Jan. 10, 1933.

Rehearing Denied May 16, 1933.

E. O. Baldwin, of Andalusia, for appellant.

Facts are deemed relevant as evidence which logically tend to prove or disprove the fact in issue. Sawyer v. State, 20 Ala. App. 504, 103 So. 309. In bastardy proceedings, it is relevant to show that prosecutrix consorted with other men during the period of gestation. Williams v. State, 113 Ala. 58, 21 So. 463; Guy v. State, 20 Ala. App. 374, 102 So. 243. The burden of proof is on the prosecution. Royer v. State, 21 Ala. App. 381, 108 So. 652. The statute is penal in its nature, and must be strictly construed. State v. Hunter, 67 Ala. 82; Judge, etc., v. Kerr, 17 Ala. 328. It is within the power and duty of the court to relieve against verdicts found to be clearly wrong and unjust. Birmingham News Co. v. Lester, 222 Ala. 503, 133 So. 270.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The issue was simple and clearly defined by the presiding judge.

The question to Hall, a witness for the state: "Didn't he (Kyser) tell you that they were down there in Mr. Barlow's pasture and you said that she was twenty-one and could take care of herself?" called for hearsay testimony and matters res inter alios acta.

The question to defendant's witness, Barrington: "In fact she was knocking about a good deal with Bibb (Kelley) that summer, wasn't she?" calls for a conclusion. Moreover, the witness had already testified to the association of Kelley and prosecutrix, giving dates and facts, and the answer to the above question could have added nothing to his testimony.

The question asked defendant's witness Godwin: "After Bibb Kelley moved to Florida did you have a conversation with Virgie Lee Hall about Bibb Kelley sending her money to go down there?" may or may not have been relevant, but its relevancy is not made to appear by this record, and this court will not enter into the realm of speculation in order to find error.

Other exceptions to the introduction of evidence are clearly free from prejudicial error.

The evidence is in irreconcilable conflict, as is usually the case in proceedings of this character. The law places the responsibility of weighing the evidence on the jury, and there we leave it. The court did not err in overruling the motion for a new trial.

Let the judgment be affirmed.

Affirmed.